IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HODGES,

    Petitioner,                  No. CIV-S-04-2087 MCE KJM P

    vs.

DAVID RUNNELS,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges convictions for forcible lewd acts committed upon a child entered in the Superior Court of Solano County. Petitioner's convictions were entered following petitioner's pleas of guilty. Petitioner is serving a sentence of 24 years' imprisonment.

I. Standard For Habeas Corpus Relief

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any

/////

/////

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

---

[1]  In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

II. <u>Arguments And Analysis</u>

    A. <u>Failure To Hold Competency Hearing (Claim 1)</u>

Petitioner argues that his Constitutional rights were violated by the trial court's failure to hold a hearing to determine whether petitioner was competent to plead guilty. Pet. at 13-39. Petitioner presented this claim to the California Court of Appeal on direct appeal and the Court of Appeal addressed the claim in detail. <u>See</u> Answer, Ex. 12 at 2-7. Petitioner also raised this claim before the California Supreme Court, <u>id</u>., Ex. 13 at 9-19, and the Supreme Court summarily rejected petitioner's claim. <u>Id</u>., Ex. 16.

In his petition, petitioner fails to make any argument that his first claim is not precluded by 28 U.S.C. § 2254(d). However, in his traverse, petitioner suggests that the Court of Appeal's decision is contrary to the Supreme Court's holding in <u>Pate v. Robinson</u>, 383 U.S. 375 (1966). Traverse at 9-10.

The import of <u>Pate</u> for purposes of this case is that the Supreme Court found that a trial judge may not rely solely upon the demeanor of the defendant at court proceedings to support a finding that a hearing regarding the defendant's competency is not warranted. <u>Id</u>. at 383. Petitioner asserts that the Court of Appeal's conclusion that a competency hearing was not required "must [have been] based entirely on the fact that . . . petitioner responded rationally at the time of his plea." Traverse at 9. But the Court of Appeal never mentioned any aspect of petitioner's demeanor at the time he pled guilty as a reason to uphold the trial court's decision not to hold a competency hearing:

> In this case, there was no evidence that Hodges's suicide attempts, medication and/or general mental condition had any negative impact whatever on his ability to understand the nature of the criminal proceedings and rationally assist counsel in the conduct of his defense. On the contrary, appointed counsel met with Hodges on 13 separate occasions and discussed the case with him. She discussed the prosecutor's offer of a negotiated settlement with him on six separate occasions. They also discussed the consequences of his entering a plea. Counsel's investigator met with Hodges on three occasions. He appeared to understand the discussion, and never said he did not. Hodges executed the change

> of plea form indicating he had discussed with counsel the
> "facts, merits, and possible defenses" of his case and understood
> his rights, and the terms and consequences of his plea.

Answer, Ex. 12 at 7.

Additionally, the facts concerning petitioner's competency in Pate are quite distinguishable from the facts of this case. There, evidence had been presented that the defendant, Robinson, consistently acted irrationally, sometimes appeared vacant, was paranoid, heard voices and hallucinated. Pate, 383 U.S. at 378-81. Robinson also had shot and killed his 18-month-old child. Id. at 381. At trial, four witnesses testified that Robinson was insane. Id. at 383. As suggested above, evidence presented in this case indicates that before petitioner pled guilty, he suffered from alcoholism, "severe" depression and anxiety and had attempted to take his own life three times. Answer, Ex. 2–part 2 (5/2/01 Hearing) at 7:4-12:17. While these conditions and circumstances are all serious they do not demonstrate anything approaching the level of mental disconnect demonstrated by Mr. Robinson.

Because petitioner has not shown he is not precluded from obtaining relief under 28 U.S.C. § 2254(d) as to his first claim, his first claim should be rejected.

B. Voluntary And Intelligent Nature Of Guilty Pleas (Claim 3)

Petitioner's next claim is titled as follows:

> If, in pleading "no contest," petitioner agreed to a term of 24
> years, his plea was involuntary and in violation of due process
> under the United States Constitution, which requires for a
> knowing and intelligent plea that the record of the plea
> affirmatively show that defendant is aware of the direct penal
> consequences of the plea.

Pet. at 43.

Petitioner asserts he did not in fact know that he was agreeing to 24 years' imprisonment when he pled guilty. Pet. at 45. He presents his own affidavit in support of this

/////

/////

5

assertion.[2]  However, the assertion is belied by the record.  At the May 16, 2001 sentencing hearing, and before he was actually sentenced, petitioner's new attorney acknowledged that the parties had stipulated to a sentence of 24 years' imprisonment.  Answer, Ex. 2–part 1 (5/16/01 Hearing) at 3:2-5, 10-14.  Although petitioner sought to withdraw his plea, he did so for the stated reasons that it had not been "well advised" and there was a defense "that should have been pursued."  Id.  At no time during the hearing or before the hearing did petitioner indicate he did not previously agree to the 24 year sentence and nothing suggests petitioner ever agreed to some other sentence.

Petitioner also argues that even if he agreed to a term of 24 years' imprisonment as part of his plea agreement, he must be allowed to withdraw his plea because the record of petitioner's guilty plea does not affirmatively show the agreed-upon term of imprisonment.  Pet. at 43.  Under Boykin v. Alabama 395 U.S. 238, 243-244 (1969), it is clear that the record of a guilty plea must show that the person who pled guilty was aware of the consequences of his plea.  It cannot be argued that a term of imprisonment to be served by a criminal defendant pursuant to his pleading guilty is not a "consequence" of his plea.

During his plea proceedings it was made clear to petitioner that the maximum punishment he could receive under the plea agreement was 24 years' imprisonment.  Answer, Ex. 1 at 66 (waiver of rights form).  The record of the plea proceedings and any pre-plea proceedings does not indicate petitioner was aware what his minimum term of imprisonment could be.[3]

As indicated above, petitioner's counsel stated on the record at sentencing before petitioner was sentenced that petitioner had previously stipulated to a sentence of 24 years' imprisonment.  Answer, Ex. 2–part 1 at 3:2-5, 10-14.  Petitioner did not object to counsel's representation.  Any violation of Boykin by the trial court's failure at petitioner's plea hearing to

---

[2] The affidavit is the last attachment to petitioner's habeas petition.

[3] The transcript of petitioner's November 14, 2000 plea proceeding is attached near the end of petitioner's habeas petition.

explicitly state on the record that petitioner would receive 24 years' imprisonment by pleading guilty thus was cured.

For these reasons, and because petitioner has not shown he is not precluded from obtaining relief under 28 U.S.C. § 2254(d), his second claim should be rejected.

### C. Ineffective Assistance Of Counsel

#### 1. Failure To Obtain And Present Evidence Regarding Petitioner's Incompetency (Claim 2)

Petitioner agues that his trial counsel rendered ineffective assistance of counsel by failing to obtain and present evidence to the trial court that, petitioner asserts, would have resulted in petitioner's obtaining a hearing as to his competency to plead guilty and ultimately a finding that petitioner was not competent to plead guilty. Pet. at 40-42. In support of this claim, petitioner points to hospital records generated after petitioner attempted suicide in September 1999, which trial counsel never obtained. The records indicate that petitioner told medical officials he had been suffering from "command hallucinations" for some unspecified period of time. Pet., Ex. G at 1. Petitioner also provides the declaration of his mother in which she indicates that on September 2, 1999, petitioner told her he heard voices that were telling him to do bad things. Pet., Decl. of Marlene Luce.[4] A few weeks later, petitioner also told his mother that he heard the voice of his grandfather who had been deceased for over twenty years. Id.

The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether in light of all the circumstances,

---

[4] This declaration's three pages are mis-labeled as Exhibits D, C and B.

the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743 F.2d 714, 717-18 (9th Cir. 1984) (per curiam).

Petitioner raised this ineffective assistance claim before the California Court of Appeal in an application for writ of habeas corpus, Answer, Ex. 6 at 20, and the Court of Appeal issued a reasoned opinion with respect to petitioner's claim, which reads as follows:

> Despite the fact that visual hallucinations were among the numerous factors considered by the court in [Moore v. United States, 464 F.2d 663, 665 (9th Cir. 1972)], equivocal evidence of auditory hallucinations before September 1999 does not raise a reasonable doubt about Hodges's competence to stand trial (inability to understand the proceedings or to assist in his defense) in November 2000, when he pleaded no contest, or in May 2001, when he tried to withdraw his plea. There was no evidence he had such hallucinations at the time of trial, much less that they "render[ed] him unable to attend to surrounding events and conditions" (*People v. Samuel* (1981) 29 Cal.3d 489, 501; compare *Pennington*, *supra*, 66 Cal.2d at p. 516 [during trial defendant was hearing voices of devil]). Thus it cannot be said that either of Hodges's attorneys was ineffective for failing to introduce that evidence.

Answer, Ex. 12 at 12. Petitioner also filed a petition for habeas corpus with respect to this claim in the California Supreme Court. Answer, Ex. 13 at 20-22. Petitioner's habeas petition was denied without comment. Answer, Ex. 15.

As with petitioner's first claim, petitioner makes no attempt in his habeas petition to show that relief is not precluded by 28 U.S.C. § 2254(d), nor does he do so in his traverse. Furthermore, nothing before the court suggests that the Court of Appeal committed the kind of error necessary for petitioner to pass though the bar established by 28 U.S.C. § 2254(d). Petitioner's second claim should be rejected.

        2. <u>Sentencing Matters (Claim 4)</u>

Petitioner asserts his trial counsel should have "made a record as to whether or not there was a [plea] agreement for a specific term [of imprisonment]." Pet. at 48-50. As indicated above, counsel did – at sentencing. Answer, Ex. 2–part 1 at 3:2-5, 10-14.

Petitioner also claims that the counsel who prepared petitioner's motion to withdraw his plea was incompetent "by conced[ing] in [his] motion that petitioner agreed to a 24 year [prison] term. . ." Pet. at 49:20-27. Counsel can not be found incompetent on the record before the court; in its totality the record shows petitioner did agree to a 24 year prison term.

For these reasons, and because petitioner has not shown he is not precluded from obtaining relief under 28 U.S.C. § 2254(d), his final claim should be denied.

III. <u>Conclusion</u>

For all of the forgoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2008.

_____
U.S. MAGISTRATE JUDGE

1/hodg2087.157